LAWRENCE POWERS, Appellant, v. J. R. WRIGHT *et al.*, Respondents.

**St. Louis Court of Appeals, February 4, 1890.**

1.   **Evidence:** ENDORSEMENT OF DATE OF FILING BY CLERK.   The endorsement of the date of filing, made by a clerk of a circuit court on a petition filed with him, is competent evidence to establish the time of such filing.

2.   **Injunction:** REQUISITES OF ORDER MADE BY COUNTY JUDGES. When a preliminary injunction is granted by a county court or two judges thereof, it is not essential to its validity that the order should show that satisfactory evidence was produced before such county court or judges that, at the time of the granting of the injunction, the circuit court of the county was not in session and the circuit judge was not in the county.

*Appeal from the Ripley Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*C. D. Yancey,* for the appellant.

*S. M. Chapman,* for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was a petition for an injunction. The grounds of equitable relief recited in the petition are that the defendant Wright got the plaintiff drunk, so that he was incapable of transacting business, and fraudulently induced him to purchase a worthless threshing machine for the sum of five hundred and fifty dollars; that, when the plaintiff recovered his reason, he tested the machine and found that it was worthless, and endeavored to get Wright to take it back, which Wright refused to do; that Wright again got the plaintiff drunk, and, while he was so drunk and incapable of transacting business, and being also unlearned and unable to read and write, and without knowledge, whether drunk or sober, of the force and effect, terms, provisions and nature of a deed of trust,—procured him to execute a deed of trust to secure the purchase money agreed to be paid for the worthless threshing machine, conveying certain described lands of the value of twenty-five hundred dollars, and that the trustee in the deed of trust was about to sell the land thereunder. The petition asks for an injunction against the sale, for an accounting and for general relief. The answer was a general denial, and an allegation that the notes secured by the deed of trust had been transferred to another party.

The plaintiff presented his petition for an injunction to two justices of the county court, who granted a temporary restraining order.

Thereafter, the cause came on for hearing in the circuit court on petition, answer and motion to dissolve

Powers v. Wright.

the temporary restraining order, whereupon the court entered the following decree: "Now come the parties in this cause, and the court upon an examination of plaintiff's application for an injunction, the defendant's answer and motion to dissolve, and the admission of plaintiff's counsel that the application was not filed with the clerk of the circuit court until after it had been presented to the two judges of the county court, and the granting of the restraining order by them, and that the proceedings before the justices of the county court failed to show that there was proof produced by the plaintiff that the circuit court of Ripley county was not in session, nor that the judge of said court was (not) in said county at said time; the court doth order and adjudge that said motion to dissolve be sustained, the injunction be dismissed, and the bill dismissed at plaintiff's cost. Wherefore is it considered," etc.

The bill of exceptions shows that, at the October term of the circuit court for the year 1888, the cause came on regularly for trial upon the plaintiff's bill, the answer, and the motion of defendant to dissolve the injunction granted by two of the judges of the county court. It further recites that thereupon the defendant objected that this court had no jurisdiction of the parties or of the subject-matter of the suit, for that the temporary restraining order granted by the county court, and afterwards filed in the circuit court and made returnable therein, was void, because of its failing to show on its face that there was no circuit judge within Ripley county at the time of the granting of such injunction or restraining order, and that the circuit court of said county was not in session at said time, to-wit, on the third day of June, 1887, and for the further reason that the plaintiff had failed to file his petition with the clerk of the circuit court, before presenting the same to the judges of the county court for

Powers v. Wright.

the relief prayed for by way of a temporary restraining order. The bill of exceptions further recites that thereupon the plaintiff offered to read and show in evidence the endorsements of the clerk of the filing of the petition, the notice of intention to apply for an injunction in said cause, the filing and approval of the injunction bond, and the filing of the restraining order granted by the judges of the county court; also to show by competent evidence that the circuit court of Ripley county was not in session at the time said restraining order was granted, and that the circuit judge of said county was not in said county at said time. The court refused to receive this testimony or to hear it, and the plaintiff excepted. Thereupon the court sustained the defendant's motion to dissolve the injunction and dismissed the plaintiff's petition, and entered final judgment against the plaintiff. To this the plaintiff excepted, and, after the usual motion for new trial, prosecutes the present appeal to this court.

We do not know of any statute, in force at the time when this restraining order was granted by the two county court judges, which required the petition for the injunction to be first filed in the office of the clerk of the circuit court, though the Revised Statutes of 1889, as amended, contain such a provision. Revised Statutes, 1889, section 5490. But, if there had been such a statute in force at the time, it was error for the court to refuse to allow the plaintiff to show by the file marks on the petition that it had been so filed. Indeed, the refusal of the court to allow the plaintiff to show this must be regarded as tantamount to the refusal to look at its own record, to see whether the petition had been filed with its own clerk before being presented to the judges of the county court. It appears from the petition, as copied into this record, that it was sworn to and subscribed before the clerk of the circuit court on the second day of June, 1887, and was marked "filed" by

him on the same day, and was presented to the judges of the county court on the following day, on which day they issued the restraining order.

The bill of exceptions also recites that the court refused to allow the plaintiff to show by competent evidence that the circuit court of Ripley county was not in session at the time the restraining order was granted by the county court judges, and that the circuit court judge of the county was not in the county at the time. We cannot imagine for what reason the plaintiff was refused the privilege of showing this. The statute, as it stood in the revision of 1879, recited that "when an application is made for an injunction to a county court, or any two judges thereof, the applicant shall produce satisfactory evidence that there is not then any circuit court in session, or any judge thereof within said county, and, if such proof is not produced, the application shall not be entertained." Revised Statutes, 1879, section 2702. We do not understand that it is necessary to the validity of the restraining order granted by the county court judges, that their order should recite that such satisfactory proof has been presented to them; but we take the rule to be that it will be presumed that they have been satisfied of this fact before issuing the order.

After refusing to allow the plaintiff to show by the file marks on the petition that it had been filed with the clerk of the circuit court before being presented to the county court judges, to show by evidence, which the bill of exceptions describes as competent evidence, that the circuit court was not in session and that the judge of the circuit court was not in the county at the time when the application to the county court judges was made, we cannot understand upon what theory the court could enter a final decree dissolving the injunction and *dismissing the bill*, on the ground of the admission of plaintiff's counsel that the application was not filed

with the clerk of the circuit court until after it had been presented to the two judges of the county court and the granting of the restraining order by them; especially since the files of the court in the cause showed that the contrary was the fact. Nor do we understand on what theory the court could proceed finally to dispose of the cause on the further ground that the proceedings before the judges of the county court failed to show that there was proof produced by the plaintiff that the circuit court of Ripley county was not in session, and that the judge of said court was not in said county at the time, at the same time refusing to allow the plaintiff to prove that such was the fact.

It further appears from the recitals of the judgment which was entered, that upon these two grounds alone the court not only dissolved the temporary restraining order but dismissed the petition. The petition certainly states a ground of equitable relief.

The judgment will be reversed and the cause remanded. All the judges concur.